UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHLEEN LAWLER,<br><br>    Plaintiff<br><br>v.<br><br>NANCY A. BERRYHILL[1], Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 8:16-cv-00713-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Cathleen Lawler ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of his application for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11 and 12] and briefs addressing disputed issues in the case [Dkt. 17 ("Pltf.'s Br."); Dkt. 19 ("Def.'s Br.")]. The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below,

---

[1] The Court notes that Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 23, 2017. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court orders that the caption be amended to substitute Nancy A. Berryhill for Carolyn W. Colvin as the defendant in this action.

the Court finds that this matter should be remanded for further proceedings.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On February 15, 2013, Plaintiff filed an application for both DIB and SSI, alleging disability as of September 23, 2012. [Dkt. 15, Administrative Record ("AR") 88, 89.] The Commissioner denied her initial claim for benefits and then denied her claim upon reconsideration. [AR 63, 87.] On September 8, 2014, Administrative Law Judge ("ALJ") John Kays held a hearing. [AR 25, 8-24.] On December 17, 2014, the ALJ issued a decision denying Plaintiff's request for benefits. [AR 8-22.] Plaintiff requested review from the Appeals Council, and on March 28, 2016, the Appeals Council denied review. [AR 1-5.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. § 404.1520(b)-(g)(1); 416.920(b)-(g)(1). At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since September 23, 2012, the alleged onset date. [AR 13.] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: morbid obesity, bilateral knee degenerative joint disease, status post right knee arthroscopic surgery; and right foot degenerative joint disease. [*Id.* (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 14 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):
> [T]o perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except: lifting no more than 50 pounds occasionally, 25 pounds frequently; restricted to standing and walking 4 hours; sitting 6 hours.

[AR 15.] Applying this RFC, the ALJ found that Plaintiff was able to perform her

past relevant work as a Home Health Aide. [AR 18.]

## III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

## IV. DISCUSSION

Plaintiff contends that the ALJ erred in failing to consider the entirety of the opinion of Dr. John Chung, a consultative examiner who performed an Orthopedic Evaluation of Plaintiff. [Pltf.'s Br. at 6.] Dr. Chung assessed Plaintiff's limitations as follows:

> Based on the objective finding, it is my opinion that she had no limitation to use both upper extremities to perform any task at or above shoulder level. She has had no limitation of activity, which requires agility. In an 8-hour day, she is able to stand and walk 4 hours and sit for 6 hours. She is able to carry and lift 25 pounds on a frequent basis and 50 pounds on an occasional basis. There is no postural limitation. *However, there is environmental limitation suggest prolonged standing walking as well as walking on even ground going up and downstairs of steps.*

[AR 321 (italics added).]

The ALJ addressed Dr. Chung's findings, and accorded them "great weight," incorporating the bulk of his findings into Plaintiff's RFC. However, as Plaintiff correctly notes, the troubling sentence highlighted above – frankly, an *incoherent* sentence – was not discussed, or even referenced, in the ALJ's opinion. It follows that the ALJ did not consider the impact, if any, the final sentence might have had on his assessment of the severity of Plaintiff's impairments and any consequent

3

limitations in her ability to, in this case, ambulate effectively. And, as Plaintiff correctly notes, if the ALJ had found Plaintiff to have additional limitations on her ability to ambulate, he would have had to take such limitations into consideration when deciding if her impairments, considered singly or in combination, met the requirements of a listed impairment. Therefore, as explained further below, the Court finds that remand is appropriate on Issues 1 and 2 of Plaintiff's Brief.

A claimant's RFC is the most a claimant can still do despite her limitations. *Smolen v. Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996) (citing 20 C.F.R. § 416.945(a)); Social Security Ruling ("SSR") 96-8p (an RFC assessment is ordinarily the "maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis," meaning "8 hours a day, for 5 days a week, or an equivalent work schedule"). In assessing a claimant's RFC, the ALJ must consider all of the relevant evidence in the record. *See* 20 C.F.R. §§ 416.945(a)(2), (3); 404.1545(a)(2), (3). If an RFC assessment conflicts with an opinion from a medical source, the ALJ "must explain why the opinion was not adopted." SSR 96-8p; *see also Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (explaining that an ALJ is not required to discuss all the evidence presented, but must explain the rejection of uncontroverted medical evidence, as well as significant probative evidence). The opinion of an examining doctor, such as Dr. Chung, "can be rejected only for specific and legitimate reasons that are supported by substantial evidence in the record." *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1298-99 (9th Cir. 1999) (internal citation omitted).

Here, while the ALJ gave Dr. Chung's opinion "great weight," he did not provide an interpretation of the potential "environmental limitation" referenced in the last sentence as it relates to "walking on even ground going up and downstairs of steps." In fact, there is no reference to this sentence at all.

Plaintiff contends that the only plausible reading of Dr. Chung's final sentence is that he concluded that Plaintiff is limited to walking on even ground *and*

4

limited in her ability do up and down stairs, and is therefore "most likely not able to walk on *uneven* ground." [Pltf.'s Brf. at 7 (emphasis added).] And if Plaintiff is unable to "ambulate effectively" because of this purported limitation, she meets the criteria of listing 1.01A, inasmuch as an example of "ineffective ambulation" is an "inability to walk a block at a reasonable pace on rough or uneven surfaces." *See also* Listing 1.00B2b.

In opposition, the Commissioner argues that Dr. Chung's opinion was implicitly taken into consideration because Plaintiff's RFC (with the four hour standing/walking limitation) did not allow for "prolonged" standing or walking.[2] The Commissioner also contends that "[t]he more rational" interpretation of the balance of the italicized sentence is that Dr. Chung suggested that "plaintiff should walk on even ground when going up and down steps." [Def.'s Brief at 3-4.]

The Court does not find that the Commissioner's interpretation is reasonable. The sentence is nonsensical. How does one walk on even ground while going up and down steps? And while Plaintiff's interpretation is perhaps plausible, it is still not clear (1) what Dr. Chung really intended, and (2) even if he intended to say that Plaintiff could not walk on uneven surfaces (or on stairs), that the ALJ, had he considered this portion of Dr. Chung's opinion would not, still, have discounted it. It appears there is ample evidence in the record to provide a specific, legitimate reason for doing so, but it is not within the Court's province to make any such finding. As the Commissioner correctly notes, "[t]he ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." [Def.'s Brf. at 2 (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008)).] But where the ALJ did not even acknowledge the existence of an ambiguity, the Court cannot presume

---

[2] Even reading this sentence as a limitation *against* prolonged standing or walking – which is logical given the context – requires mental manipulation, *i.e.*, the assumption that Dr. Chung's evaluation "suggest[ed] ***no*** prolonged" standing or walking where "no" did not appear in the sentence.

5

that he resolved it, one way or the other.

In sum, because the ALJ did not offer any specific explanation as to why he ignored, and thus implicitly rejected, this portion of Dr. Chung's findings, the ALJ's determination of the severity of Plaintiff's impairments and consequent RFC assessment is not supported by substantial evidence. *See Vincent*, 739 F.2d at 1394-95; *see also Regennitter*, 166 F.3d at 1298-99. This error warrants reversal.[3]

## V. CONCLUSION

The decision of whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

The Court finds that remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090, 1101 (9th Cir. 2014) (remand for award of benefits is

---

[3] The Court has not reached the remaining issue raised by Plaintiff regarding whether the ALJ properly considered the opinion of Plaintiff's treating physician (and any related duty to fully develop the record), except as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. However, the ALJ should address this additional contention of error in evaluating the opinion evidence on remand.

inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved"); *Harman*, 211 F.3d at 1180-81.

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS SO ORDERED.**

DATED: April 26, 2017  _____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE